■ L.I.R. MANAGEMENT CORPORATION, Respondent, v MID-CITY ASSOCIATES et al., Appellants.—Orders, Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), dated November 4, 1991, and January 24, 1992, which granted plaintiff's motion for a preliminary injunction and denied defendants' motion for renewal, respectively, unanimously affirmed, without costs. The appeal from so much of the order dated January 24, 1992, as denied reargument is dismissed, without costs.

We agree with the IAS Court that it is likely that defendant Zaro's, if permitted to sell the type of food specified in the use clause of its lease with defendant Mid-City, would be competing directly with plaintiff's fast food establishments in contravention of the restrictive covenant in plaintiff's lease with defendant Mid-City. Since the revenues that would be lost by plaintiff's businesses to a newly opened Zaro's Bread Basket are difficult to determine and indeed may be wholly speculative, a legal remedy is inadequate (see, Rosano v Sperber, 64 NYS2d 35, 37). The large sums Zaro's has spent setting up its new Bread Basket do not tip the equities in its favor, since it proceeded with full knowledge of the restrictive covenant and the possibility that it would not be construed in its favor (see, Weiss v Mayflower Doughnut Corp., 1 NY2d 310, 316). Concur—Carro, J. P., Milonas, Kupferman, Asch and Smith, JJ.